UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

QSI, INC.,

    Plaintiff,

vs.

JAMES NEYHOUSE,

    Defendant.

Case No. 3:24-cv-133

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING QSI, INC'S ("QSI") MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. No. 6); (2) GRANTING QSI'S MOTION FOR AN EXPEDITED HEARING ON ITS MOTION FOR A PRELIMINARY INJUNCTION (Doc. No. 4); (3) GRANTING QSI'S MOTION FOR A PROTECTIVE ORDER (Doc. No. 5)—A PROTECTIVE ORDER WILL SEPARATELY ISSUE; AND (4) REFERRING QSI'S MOTION FOR EXPEDITED DISCOVERY (Doc. No. 3) TO UNITED STATES MAGISTRATE JUDGE CAROLINE H. GENTRY FOR EXPEDITED HEARING AND DECISION**

---

Plaintiff QSI, Inc. ("QSI") brings this case against one of its former employes, Defendant James Neyhouse, claiming, in part, that he has unlawfully misappropriated QSI's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq*., and has engaged in conversion in violation of Ohio law.[1]  Doc. No. 1.  The case before the Court on QSI's verified complaint, *id*., its motion for a temporary restraining order ("TRO") and a preliminary injunction (Doc. Nos. 6, 7), its motion for expedited discovery (Doc. No. 3), its motion for an expedited hearing (Doc. No. 4), its motion for a protective order (Doc. No. 5), and its status report (Doc. No. 13).

---

[1] Because QSI's verified complaint asserts a claim under federal law, there is no present dispute that this Court may exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, if necessary, supplemental jurisdiction over QSI's state-law claims under 28 U.S.C. § 1367.

## I.

On April 29, 2024, the Court held a preliminary telephone conference pursuant to S.D. Ohio Civ. R. 65.1 in which the Court, QSI's counsel, and Defendant, appearing *pro se*, informally discussed QSI's motion for a TRO. The Court directed the parties to meet and confer to determine if any resolution of the present case could be reached. The Court explained to Defendant that he has the option of proceeding *pro se* or with representation by counsel. The Court also informed Defendant of several ways to find counsel to represent him in this case, if he chooses to be represented. Lastly, the Court instructed the parties to file a status report discussing the results their conference.

QSI's status report indicates that its counsel and Defendant were unable to informally resolve their disputes. *See* Doc. No. 13. After their conference, QSI's counsel emailed a draft of its proposed stipulated TRO to Defendant and asked if he agreed to its terms. Defendant did not respond. *Id*. QSI's counsel later phoned Defendant on April 30, 2024, but he did not answer or respond to counsel's voicemail. *Id*. Counsel's follow-up emails and additional attempts to reach Defendant by phone produced no response. *Id*. As a result, QSI now asks the Court to reconvene the preliminary conference or, alternatively, issue the proposed stipulated TRO, followed by a status conference. *Id*. at 98. Because the record does not indicate that Defendant has stipulated to QSI's motion for a TRO or its proposed TRO, the Court will consider QSI's motion and proposed TRO as disputed.

## II.

A TRO is an "extraordinary remedy." *Burton v. Kettering Adventist Health Care*, No. 3:20-cv-209, 2020 WL 3265526, at *1 (S.D. Ohio June 17, 2020) (citing Fed. R. Civ. P. 65;

*Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008)). To determine if a TRO must be granted, a four-factor balancing test applies: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO would substantially harm third parties; and (4) whether the TRO would serve the public interest." *Refunjol v. Adducci*, No. 2:20-cv-2099, 2020 WL 1983077, at *3 (S.D. Ohio April 27, 2020) (citing *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 304 (6th Cir. 2019)). No single factor is a prerequisite to granting a TRO. *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)); *see D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019).

Having fully considered QSI's motion for a TRO and supporting memorandum, its verified complaint, and the arguments presented by Defendant and QSI's counsel on the record during the telephone conference, and with full knowledge that Defendant is presently proceeding without counsel and has not had a full opportunity to present evidence or file a memorandum in opposition to QSI's motion for a TRO, the Court finds that, for the reasons set forth in QSI's memorandum (Doc. No. 7 at PageID 68-74), QSI is entitled to a TRO. More specifically, the balance of the applicable TRO factors supports granting a TRO because QSI has established: (1) a strong likelihood it will succeed, at a minimum, on the merits of its claims that Defendant has violated the Defend Trade Secrets Act and has engaged in conversion; (2) it will suffer irreparable harm absent the requested TRO; (3) the TRO will not substantially harm third parties; and (4) the TRO will serve the public interest. *See Refunjol*, 2020 WL 1983077, at *3 (and cases cited therein).

### III.

It is hereby **ORDERED** and **ADJUDGED** that QSI's motion for a TRO is **GRANTED**.

It is further **ORDERED** that:

1. **On or before 5:00 p.m. on May 6, 2024**, Defendant James Neyhouse ("Defendant") shall provide a sworn declaration to QSI, Inc. ("QSI") identifying all devices, accounts (including email and cloud based storage accounts) and systems (collectively referred to as "Devices") (a) used by Defendant since January 1, 2024 for any business purpose and/or (b) used by Defendant to store, disseminate or access any information derived from, pertaining to or originating from his employment with QSI ("Devices and Accounts"), including, but not limited to Defendant's QSI-issued laptop computer, the QSI-issued smart phone and four (4) USB devices that Defendant has identified to counsel for QSI. For purposes of this Order, "for any business purpose" means for any purpose related to Defendant's performance of work for QSI and/or any other person, including, but not limited to, himself, or entity, including, but not limited to, JRN.NDC.Consulting.

2. **On or before 5:00 p.m. on May 6, 2024**, Defendant shall deliver all Devices and Accounts to bit-x-bit LLC (a neutral, third-party vendor) for forensic examination pursuant to a mutually agreeable forensic protocol.

3. Defendant shall immediately return and deliver to QSI all documents, data, or property, derived from, or pertaining to, his employment with QSI, including any hard copies of documents.

4. Defendant is prohibited from (a) disclosing, disseminating, or otherwise accessing or using QSI's Trade Secrets and confidential, proprietary information (as defined in the Verified Complaint) to which he obtained access through his employment with QSI; and (b) possessing any original, copies or summaries of QSI's Trade Secrets and confidential, proprietary information (as defined in the Verified Complaint) in any form, electronic or otherwise.

This Temporary Restraining Order shall take effect on **May 2, 2024 at 12:00 a.m.** and shall remain in effect for 14 days.

The Court declines to presently rule on QSI's motion for a preliminary injunction. Doc. No. 6. QSI's motion for an expedited hearing on its motion for a preliminary injunction (Doc. No. 4) is **GRANTED.** QSI's counsel and Defendant (or Defendant's counsel, if he or she files a notice of appearance) may call Courtroom Deputy Claire McDowell at (937) 512-1640 to provide her with the dates and times they are available in the near future—before the TRO, or

4

any extension of the TRO, expires—for the telephone conference.

In addition, QSI's motion for a protective order (Doc. No. 5) is **GRANTED** and the Court will separately issue a protective order. QSI's motion for expedited discovery (Doc. No. 3) is **REFERRED** to Magistrate Judge Gentry for expedited hearing and decision.

**IT IS SO ORDERED.**

May 1, 2024                          s/*Michael J. Newman*
                                                       Hon. Michael J. Newman
                                                       United States District Judge