UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

QSI, INC.,

    Plaintiff,

vs.

JAMES NEYHOUSE,

    Defendant.

Case No. 3:24-cv-133

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING THE PARTIES' MOTION TO ENTER A STIPULATED PERMANENT INJUNCTION AND FINAL ORDER (Doc. No. 27); (2) ISSUING THE STIPULATED PERMANENT INJUNCTION AND FINAL ORDER; (3) DENYING AS MOOT ALL REMAINING MOTIONS (Doc. Nos. 19, 21); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

    This matter is before the Court on the parties' joint motion to enter a stipulated permanent injunction and final order (Doc. No. 27).  Pursuant to Fed. R. Civ. P. 65, and upon review of the entire record, the Court **ACCEPTS** the parties' proposed Permanent Injunction and Final Order ("Order").  Doc. No. 27.

    The Court finds that resolution of this matter requires: (1) Neyhouse to return all of QSI's information, including, but not limited to, its Confidential Information and Trade Secrets (as defined in QSI's Verified Complaint (Doc. No. 1)); (2) Neyhouse to provide an affidavit verifying that he has no QSI information, including, but not limited to, its Confidential and Trade Secrets, in his possession; (3) Neyhouse to refrain from contacting QSI's customers and prospective customers for a period of one (1) year from the date of this Order; (4) Neyhouse to refrain from otherwise interfering with QSI's contractual relationships with its customers and prospective customers; and (5) Neyhouse to take additional measures described in greater detail below.  While

this Order is filed by QSI's counsel, it has been stipulated to by both parties. Accordingly, consistent with the parties' stipulation, the Court hereby **ORDERS** the following:

1. To the extent not already done so in accordance with the requirements of the Temporary Restraining Order entered in the above-captioned action on May 1, 2024 (Doc. No. 14), Neyhouse shall account for and immediately return to QSI all property, original data, documents, records, files, materials, and electronic storage devices, containing or reflecting QSI's Trade Secrets and other confidential, proprietary QSI information and/or data, and any and all copies thereof;

2. Neyhouse is hereby permanently enjoined from retaining, using, disclosing, or transmitting to any third party QSI's Trade Secrets and other confidential, proprietary QSI information and/or data which Neyhouse retained following his employment with QSI;

3. Within fourteen (14) days of the date the Court enters this Order, Neyhouse shall provide QSI with a notarized affidavit verifying that he: (a) has returned all QSI's property and information (as described more fully above); (b) has not retained, used or disclosed to any other person or entity any of QSI's confidential information and Trade Secrets, even in modified form; and (c) will not use or disclose any of QSI's Confidential Information and Trade Secrets in any manner at any time;

4. For a period of one (1) year after the date of this Order, Neyhouse shall have no contact with any QSI customer or prospective customer with whom he had contact with or with respect to whom he had access to or received information as a result of his employment with QSI;

5. Neyhouse shall not interfere with QSI's customers or customer relationships in any manner, including, but not limited to, by communicating with, or otherwise contacting (directly or indirectly), any QSI customer(s) and threatening to disclose QSI information that implicates the customer's business, thereby resulting in a data breach.

6. Each Party shall bear its or his own costs and fees. Notwithstanding, Neyhouse recognizes that, pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§ 1836(B) and (D), QSI, as the prevailing party, would be entitled to recover damages caused by Neyhouse's misappropriation of its Trade Secrets, as well as reasonable attorney's fees and costs. Despite its entitlement to recover such damages and reasonable attorney's fees and costs, QSI has agreed to forego any such recovery by way of this Order; provided, however, that in the event Neyhouse is subsequently determined to be in violation of any provision of this Order, QSI shall be entitled to recover its reasonable attorney's fees incurred in connection with the prosecution of the above-captioned action, as well as any other relief that the Court deems necessary and proper. In addition, if Neyhouse is hereafter determined to have violated this Order, he may be subject to sanctions for civil and/or criminal contempt of this Court's Order.

7. This Order will be entered under Fed. R. Civ. P. 65 and will constitute the final judgment in this matter. All parties waive the right to appeal from this judgment.

8. This Court shall retain jurisdiction over this matter for the purpose of implementing and enforcing this Order.

Accordingly, the Court hereby **GRANTS** the parties' joint motion for a stipulated permanent injunction and final order (Doc. No. 27) and **ADOPTS** the stipulated permanent injunction. All remaining motions (Doc. Nos. 19, 21) are **DENIED AS MOOT**. This case is **TERMINATED** on the Court's docket.

    **IT IS SO ORDERED.**

  July 9, 2024                                    s/*Michael J. Newman*
                                                         Hon. Michael J. Newman
                                                         United States District Judge